## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE L. SMITH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-1416 |
| v. | : | (JUDGE MANNION) |
| J. MOSS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I.    Background

Plaintiff, Jermaine L. Smith, an inmate confined at the State Correctional Institution, Huntingdon ("SCI-Huntingdon), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, alleging a loss of personal property when he was transferred from SCI-Dallas to SCI-Benner. (Doc. 1). The named Defendants are Lieutenants Moss and Gavlick, both employees of SCI-Dallas. Id. Along with his complaint, the Plaintiff filed an application for leave to proceed in forma pauperis. (Doc. 5).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will grant

Plaintiff's application for leave to proceed *in forma pauperis* and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## II.    Factual Allegations

Plaintiff claims that on June 12, 2019, he left SCI-Dallas for SCI-Benner "with none of his property." (Doc. 1). He states that his "property was lost, destroyed without proper procedure by staff, TV broken confiscated, items receipt DC-154A was never given." Id. Plaintiff alleges that his "TV was not broken prior to [him] going to RHU, keyboard was never given confiscated items receipt DC-154A, keyboard accessories also never showed up as well as other personal belongings on [his] property receipt." Id.

Plaintiff claims that on June 24, 2019, he "had to use the Commonwealth of Pennsylvania DC 804 Inmate Grievance." Id.

On August 13, 2021, Plaintiff filed the instant action seeking "reimbursement for personal property and reimbursement for filing fees." Id.

## III. **Legal Standard**

Pursuant to the screening provisions of 28 U.S.C. §1915(e)(2), the Court is required to screen *in forma pauperis* complaints prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. §1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader

is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for his claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of

- 4 -

a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a commonsense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## IV. **Discussion**

Plaintiff is alleging a Fourteenth Amendment deprivation of property without due process claim. However, his claim is not actionable under 42

U.S.C. §1983. See Coulson v. Mooney, 2015 WL 1034632 (M.D. Pa. 2015) (dismissing the complaint on screening because the plaintiff had an adequate post-deprivation remedy to address his claim that his cellmate deliberately destroyed his television and other personal property). The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527, 530 (1981). The Third Circuit Court of Appeals has "held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knaueer, 321 Fed. Appx 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000) ). See also Griffin-El v. Beard, 2010 WL 1837813 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy' "). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 WL 305240 (E.D. Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995) ).

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v. Piazza, 2012 WL 641938 (3d. Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 WL 2511379 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa.C.S.A. §8522(a), (b)(3).

Plaintiff admits to filing a complaint, and therefore, has participated in a meaningful post-deprivation grievance procedure. As discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to allege a Fourteenth Amendment violation of the Due Process Clause.

## V.   Conclusion

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). See Hernandez v. Corr. Emergency Response Team, 771 F. App'x 143 (3d Cir. 2019) (per curiam) (affirming dismissal of amended complaint where inmate "alleged in his complaint that when he and all other prisoners were moved from SCI-Graterford to SCI-Phoenix, many prisoners' possessions were destroyed or damaged, including his legal materials").[1]

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 26, 2021**
21-1416-01

---

[1] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. §1983, and he has meaningful state court remedies if he is unhappy with the Prison's grievance process, granting leave to amend would be futile.